**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| **FOUR STATES DOTY, INC., d/b/a CHICKEN EXPRESS OF TEXARKANA,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMAND** |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and to provide relief to Branda Hawkins.  The Commission alleges that Defendant Four States Doty, Inc., d/b/a Chicken Express (hereafter "Defendant"), violated Title VII by subjecting Branda Hawkins to a hostile work environment based upon her race, Black.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345.  This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of

Texas, Texarkana Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been and is now doing business in the States of Texas and the City of Texarkana, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6.       More than thirty days prior to the institution of this lawsuit, Branda Hawkins filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.       Since at least September 2006, the Defendant has engaged in unlawful employment practices at its Texarkana, Texas, facility in violation of  Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Branda Hawkins to a hostile work environment based upon her race, Black. The EEOC alleges that employees Michael Allen and Chase Dorse began subjecting Hawkins to unwelcome racial conduct shortly after Allen and Dorse started

working for Defendant in September 2006.  The EEOC alleges that the unwelcome racial conduct escalated during Hawkins' employment with Defendant and included, but was not limited to, racially offensive jokes and remarks about African Americans generally, and also referring to customers.

8.      The result of the foregoing practices has been to deprive Branda Hawkins of equal employment opportunities because of her race.

9.       The unlawful employment practices complained of in paragraph 7 above were intentional.

10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Branda Hawkins.

## PRAYER FOR  RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, or which facilitates, condones or encourages employees to create a racially hostile environment.

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees and eradicate the effects of its past and present unlawful unemployment practices.

C.     Order the Defendant to make Branda Hawkins whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation,

embarrassment, emotional distress, anxiety, and loss often enjoyment of life, in amounts to be determined at trial.

D.      Order the Defendant to pay Branda Hawkins punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 through 10 above, in an amount to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

/s/ Devika Seth
DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office

207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2764 (telephone)
(214) 253-2749 (facsimile)